Filed 9/19/23  P. v. Nguyen CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
|    Plaintiff and Respondent, | G061989 |
|      v. | (Super. Ct. No. 06WF1567) |
| HUY QUOC NGUYEN, | O P I N I O N |
|    Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, David A. Hoffer, Judge.  Affirmed.

Steven S. Lubliner, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel Rogers and Amanda Lloyd, Deputy Attorneys General, for Plaintiff and Respondent.

\*       \*       \*

Defendant Huy Quoc Nguyen was convicted of attempted murder in 2008. He filed a petition for resentencing under Penal Code section 1170.95 (now 1172.6),[1] which the trial court denied on its face. It found Nguyen was ineligible for relief because the record did not include a jury instruction on the natural and probable consequences theory of attempted murder. On appeal, Nguyen argues the jury instructions in the record are incomplete. After reviewing the record from Nguyen's prior appeal of his conviction, we conclude the trial court was correct and affirm its order.

I

FACTS AND PROCEDURAL HISTORY

In 2008, a jury convicted Nguyen of attempted murder based on a gang-related shooting that occurred outside a restaurant. It also found true a gang enhancement and a firearm enhancement. Nguyen was sentenced to seven years to life for the attempted murder charge with a consecutive term of 25 years to life for the firearm enhancement. The court struck the gang enhancement for sentencing purposes. Nguyen's conviction was affirmed on appeal (*People v. Nguyen* (Mar. 30, 2010, G040190) [nonpub. opn.]).[2]

In March 2022, Nguyen filed a petition for resentencing under section 1172.6. The trial court denied it on grounds Nguyen was ineligible for relief. It explained that Nguyen "was not 'convicted of attempted murder under the natural and probable consequences doctrine.' The jury instructions given do not include any instructions on the natural and probable consequences doctrine or on aiding and abetting.

---

[1] Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text (stats. 2022, ch. 58, § 10). All further undesignated statutory references are to the Penal Code.

[2] The prior opinion found Nguyen's sentence for attempted murder had to be corrected to life in prison with the possibility of parole after serving seven years, but that finding is immaterial to this appeal.

2

As a result, petitioner is statutorily ineligible to bring a petition under Penal Code section 1172.6, . . . and the petition is without merit."

Nguyen appeals the court's denial of his petition.

II

DISCUSSION

To prove attempted murder, the prosecution must establish the defendant acted with specific intent to kill. (*People v. Mariscal* (2020) 47 Cal.App.5th 129, 137.) Thus, a direct perpetrator cannot be found guilty of attempted murder under a natural and probable consequences theory. Prior to 2019, though, aiders and abettors could be found guilty of attempted murder under a natural and probable consequences theory even if they lacked specific intent to kill. (*People v. Sanchez* (2022) 75 Cal.App.5th 191, 193-194, 196.) The direct perpetrator's "'intent to kill' was imputed" onto the aider and abettor if the "attempted murder was a natural and probable consequence of [the aider and abettor's] intent to participate in the target offense." (*People v. Montes* (2021) 71 Cal.App.5th 1001, 1007-1008.)

However, "[e]ffective January 1, 2019, the Legislature passed Senate Bill 1437 'to amend the . . . natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' [Citation.] In addition to substantively amending sections 188 and 189 of the Penal Code, Senate Bill 1437 added section 1170.95 [(now section 1172.6)], which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*People v. Lewis* (2021) 11 Cal.5th 952, 959.)

The Legislature later passed Senate Bill No. 775, "to clarify that 'persons who were convicted of attempted murder . . . under . . . the natural and probable

3

consequences doctrine are permitted the same relief as those persons convicted of murder under the same theor[y].'" (*People v. Whitson* (2022) 79 Cal.App.5th 22, 30.)

To seek relief under section 1172.6, a person convicted of attempted murder under a natural and probable consequences theory must file a declaration stating: (1) a charging document was filed against the petitioner allowing the prosecution to proceed under a natural and probable consequences theory of attempted murder, (2) the petitioner was convicted of attempted murder, and (3) the petitioner could not presently be convicted of attempted murder due to the amendments to sections 188 and 189. (§ 1172.6, subd. (a).)

The trial court reviews a section 1172.6 petition to determine whether the petitioner has made a prima facie case. In doing so, it takes the "'"'petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause."'"' (*People v. Lewis*, *supra*, 11 Cal.5th at p. 971.) But "[i]f the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition." (*People v. Strong* (2022) 13 Cal.5th 698, 708.) A denial of the petition at the prima facie stage is reviewed de novo. (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14.)

Nguyen's petition alleges a prima facie case for relief. The issue on appeal is whether the record conclusively shows the jury was never instructed on the natural and probable consequences doctrine or on aiding and abetting. If so, then the allegations in Nguyen's petition are refuted, and the court correctly denied his petition. (See *People v. Lewis*, *supra*, 11 Cal.5th at p. 971.)

Nguyen argues the trial court erred because the jury instructions in the clerk's transcript are incomplete. For instance, it is undisputed the jury found true a firearm enhancement. But there are no jury instructions for the firearm enhancement in

4

the clerk's transcript. Likewise, the clerk's transcript appears to be missing a jury instruction explaining the general right to self-defense.

We agree with Nguyen that the jury instructions in the clerk's transcript appear to be incomplete. However, we have taken judicial notice of portions of the record from his appeal in *People v. Nguyen*, *supra*, G040190, including the jury instructions and relevant sections of the reporter's transcript. Both documents refute his argument. The record from *Nguyen* contains jury instructions on the firearm enhancement and the general right to self-defense. But it contains no jury instructions for aiding and abetting or on the natural and probable consequences theory of attempted murder. Likewise, the reporter's transcript from Nguyen's trial shows the court never instructed the jury on either of these theories. Thus, the record before us conclusively shows Nguyen was not convicted of attempted murder on a natural and probable consequences theory.[3]

---

[3] On September 8, 2023, we informed the parties of our intent to take judicial notice of portions of the record from *People v Nguyen*, *supra*, G040190, and provided them an opportunity to object. On September 12, 2023, Nguyen objected on grounds that (1) the trial court did not consider these documents, and (2) he had not been given copies of the documents and was unaware of their content. As to the first objection, an appellate court has discretion to "take judicial notice of documents that were not presented to the trial court." (*McMahan v. City and County of San Francisco* (2005) 127 Cal.App.4th 1368, 1373, fn. 2.) As to the second objection, we issued an order on September 13, 2023, enclosing the documents of which we take judicial notice.

Nguyen objected again on September 13, 2023, arguing the jury instructions of which we take judicial notice are the same as the incomplete set contained in the clerk's transcript. But the record from *Nguyen* contains two sets of jury instructions. We have taken judicial notice of both. One appears to be the same set of incomplete instructions as those in the clerk's transcript. But the second set is complete, as it contains the missing instructions on the firearm enhancement and the general right to self-defense. Further, the second set of instructions matches the oral instructions the court gave to the jury, which are reflected in the reporter's transcript.

5

III

DISPOSITION

The court's order denying Nguyen's section 1172.6 petition is affirmed.


MOORE, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOTOIKE, J.